UNITED STATES, Appellee

v.

DARYL V. BEST, Sergeant, U. S. Army, Appellant

4 USCMA 581, 16 CMR 155

No. 4361

Decided July 30, 1954

Lᴛ Cᴏʟ Edgar R. Minnich, U. S. Army, for Appellant.

582

Lt Col William R. Ward, U. S. Army, and 1st Lt William G. Fowler, U. S. Army, for Appellee.

## Opinion of the Court

Robert E. Quinn, Chief Judge:

The accused was convicted by general court-martial in Korea of premeditated murder, the larceny of a jeep, and absence without leave. He was sentenced to death. On appeal, the board of review set aside the finding of guilty of murder and ordered a rehearing on that charge. However, it affirmed the other findings of guilty and held that "only so much of the sentence as provides for dishonorable discharge, total forfeiture of all pay and allowances, and confinement at hard labor for life is correct in law and fact," but it made no express determination that the sentence was approved. The accused, thereupon, petitioned this Court to review the board of review's decision. The Government has now moved to dismiss the petition, without prejudice, on the ground that the appeal is premature.

Relying upon Article 67(*b*) (3), Uniform Code of Military Justice, 50 USC § 654, which authorizes this Court to review "all cases reviewed by a board of review," the appellant contends we have power to review any finding made by a board of review, regardless of whether it has affirmatively acted on the sentence. Conversely, the Government asserts that Article 67, as a whole, precludes an appeal to this Court until the board of review has made a final determination on the appropriateness of the sentence imposed in the case. And, it maintains that the board of review has not yet made such a determination in this case.

In United States v. Gann, 3 USCMA 12, 11 CMR 12, we pointed out that when used in the Uniform ▮ Code, the word "case" has a variable meaning. In one context it may describe a single specification and charge, and in another it may be taken "to denominate—in perhaps a collective sense—*the entire proceedings* against an accused." The Government's present motion requires a determination of which of these meanings was intended by Congress in Article 67.

In pertinent part, Article 67, provides as follows:

"(*b*) The Court of Military Appeals shall review the record in the following cases:

(1) All cases in which the sentence, as affirmed by a board of review, affects a general or flag officer or extends to death;

(2) All cases reviewed by a board of review which The Judge Advocate General orders forwarded to the Court of Military Appeals for review; and

(3) All cases reviewed by a board of review in which, upon petition of the accused and on good cause shown, the Court of Military Appeals has granted a review.

"(*c*) The accused shall have thirty days from the time he is notified of the decision of a board of review to petition the Court of Military Appeals for a grant of review. The court shall act upon such a petition within thirty days of the receipt thereof.

"(*d*) In any case reviewed by it, the Court of Military Appeals shall act only with respect to the findings and sentence as approved by the convening authority and as affirmed or set aside as incorrect in law by the board of review. In a case which The Judge Advocate General orders forwarded to the Court of Military Appeals, such action need be taken only with respect to the issues raised by him. In a case reviewed upon petition of the accused, such action need be taken only with respect to issues specified in the grant of review. The Court of Military Appeals shall take action only with respect to matters of law.

"(*e*) If the Court of Military Appeals sets aside the findings and

**583**

sentence, it may, except where the setting aside is based on lack of sufficient evidence in the record to support the findings, order a rehearing. If it sets aside the findings and sentence and does not order a rehearing it shall order that the charges be dismissed."

Patently, these subdivisions form an integrated pattern defining our powers of review; and, in accordance with well-settled principles of statutory construction, they should be read together to determine the legislative meaning. See: United States v. Merritt, 1 USCMA 56, 1 CMR 56.

Our reading of Article 67 convinces us that Congress intended this Court to review a decision by a board of review only if it has finally acted on both the findings and the sentence. Subdivision (d) of the Article specifically directs that our review shall be with respect to "the findings and sentence . . . as affirmed or set aside as incorrect in law by the board of review." The appellant argues that the words "findings and sentence" should be construed as "findings or sentence." This construction might be tenable if other language of the Article clearly showed an intention to empower this Court to review the action taken by a board of review on the findings alone. Cf. United States v. Prescott, 2 USCMA 122, 6 CMR 122. However, neither the language of Article 67, in particular, nor the statutory scheme of appellate review, in general, supports the accused's contention.

The words "findings and sentence" appear in subdivisions (d) and (e) of Article 67. This repetition makes it improbable that Congress actually intended something different from the usual and natural meaning of the words used. Other provisions of the Article make the improbability a certainty. These provisions emphasize that review by this Court may generally be had only in cases in which the sentence is of a particular kind. Thus, subdivision (b) (1) provides for review of cases "in which the sentence, as *affirmed by*

*a board of review,* affects a general or flag officer or extends to death"; subdivisions (b) (2) and (b) (3) limit appeals to this Court to cases *"reviewed by a board of review."* With a single exception, cases reviewed by a board of review are only those in which the approved sentence is expressly enumerated in the Uniform Code of Military Justice, Article 66, 50 USC § 653. See also Articles 69 and 71, 50 USC §§ 656 and 658. Clearly, *the sentence is an* essential part of the case which must be reviewed by the board of review. If the board of review has not taken final action on the sentence, the case has not been reviewed by it within the meaning of Article 67. We conclude, therefore, that unless the board of review has acted with regard to both the findings and the sentence, one of the prerequisites for review by this Court is missing. Apart from possible extraordinary proceedings, about which we now express no opinion, until the board of review finally completes its own action on the case, we are without jurisdiction to consider a direct appeal. See United States v. Jackson, 2 USCMA 179, 7 CMR 55.

The board of review found that a specified sentence, which included life imprisonment, was correct in law and fact for the two offenses which it expressly affirmed. One of those offenses was larceny, which carries a maximum of five years' confinement, and the other was an unauthorized absence for two days. The Table of Maximum Punishments has been suspended for the latter offense in the area in which it occurred and, hence, the approved finding of guilty might legally support a sentence to confinement for life. However, it is quite clear that the board of review did not intend to affirm so severe a sentence as appropriate punishment for the two offenses of larceny and unauthorized absence. We conclude, therefore, that the board of review's pointed omission of any statement of affirmance of the sentence was intended by it as an express withholding of its review of the sentence until completion of the rehearing which it ordered on the murder charge. This action by the board of

584

review may or may not be legally correct. On that we express no opinion. But regardless of the legality of its action in ordering a partial rehearing while retaining the case for sentence purposes, the failure of the board of review to act on the sentence means that it has not yet "reviewed" the case within the meaning of Article 67. Consequently, the accused's petition for review of the case by this Court was prematurely filed.

Although we propose to dismiss the present petition, we desire to make it clear that the accused still has the right to file a new petition as soon as final and complete action on the case is taken by the board of review. Such a petition may properly bring up for review all matters of law presented and acted upon by the board of review, including the correctness of its action in ordering a rehearing on one of the charges, while at the same time holding in abeyance its decision with respect to an appropriate sentence. He may also raise the question, presented in the instant petition, as to whether the board of review was correct in holding that the accused was denied effective assistance of counsel on one charge but not on the others. Of course, we express no opinion as to the legal correctness of any of the present determinations of the board of review. Moreover, we express no opinion regarding our power to review a case should a board of review arbitrarily refuse to consider a case before it, or to take action thereon as required by the Uniform Code. Certainly, under traditional practices, a wide variety of action is available to an appellate court to protect and preserve the integrity of a trial. See 28 USC § 1651(a); United States v. Morgan, 346 US 502, 98 L ed —, 74 S Ct 247.

The motion to dismiss the accused's petition for review is granted, without prejudice, however, to his right to file a new petition upon completion of the board of review's consideration of the entire case. The record of trial is returned to The Judge Advocate General of the Army for action consistent with this opinion.

Judges LATIMER and BROSMAN concur.