UNITED STATES, Appellant

v

ROBERT E. PAPCIAK, Private E–1,
U. S. Army, Appellee

7 USCMA 224, 22 CMR 14

No. 8176

Decided August 10, 1956

*First Lieutenant Edward S. Nelson* argued the cause for Appellant, United States. With him on the brief were *Lieutenant Colonel Thomas J. Newton* and *Major Robert M. Mummey*.

*Captain Albert C. Malone, Jr.,* argued the cause for Appellee, Accused. With him on the brief were *Colonel J. M. Pitzer* and *Lieutenant Colonel Stanley F. Flynn*.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

Following his trial by general court-martial, the accused was found guilty of desertion, in violation of Article 85, Uniform Code of Military Justice, 50 USC § 679, and absence without leave, in violation of Article 86, Uniform Code of Military Justice, 50 USC § 680. He was sentenced to dishonorable discharge, total forfeitures, and confinement for three years and six months. The findings and sentence were approved by the convening authority, but after a thorough consideration, the board of review concluded that the staff judge advocate's review in the

case was erroneous and probably misled the convening authority to the material prejudice of the accused. However, the board did not expressly state that the findings and sentence, as affirmed by the convening authority, were set aside, electing instead to decree that the court-martial order be rescinded; that the action of the convening authority be withdrawn; and that the case be returned to another convening authority for review and action. The Judge Advocate General of the Army then certified the following two questions to this Court:

"1. Was the board of review correct in holding that the review of the staff judge advocate materially prejudiced the accused?

"2. If (1) above is answered in the affirmative, was the board of review required to return the case to a different jurisdiction for further review or should it have (A) proceeded to a final decision on the legal sufficiency of the record to sustain the findings and sentence or (B) returned the case to the original jurisdiction for further review?"

Appellate defense counsel moved to dismiss the certificate on the ground that this Court lacks jurisdiction to consider the case until after the board of review has taken final action on the findings and sentence. It is only this motion which is before us at the present time.

## II

In view of the fact that my associates reach a common ground on their reasons for concurrence, they announce the law of the case. Accordingly, the views herein expressed are those of the author Judge alone.

In United States v Best. 4 USCMA 581, 16 CMR 155, the Court had occasion to give extended consideration to those provisions of Article 67 of the Code, 50 USC § 654, which delineate its power to review actions taken by boards of review. It was there observed that:

"Our reading of Article 67 convinces us that Congress intended this Court to review a decision by a board of review only if it has finally acted on both the findings and sentence."

and thereafter held:

". . . If the board of review has not taken final action on the sentence, the case has not been reviewed by it within the meaning of Article 67. We conclude, therefore, that unless the board of review has acted with regard to both the findings and the sentence, one of the prerequisites for review by this Court is missing. Apart from possible extraordinary proceedings, about which we now express no opinion, until the board of review finally completes its own action on the case, we are without jurisdiction to consider a direct appeal."

In United States v Field, 5 USCMA 379, 18 CMR 3, the opinion reaffirmed the principles of the Best decision, and spelled out in detail the procedure to be followed in cases where the board of review directs a rehearing as to only part of the charges upon which the accused was brought to trial.

Regardless of the phraseology used in its decision, it is distinctly arguable that, in this instance, the board of review acted with finality on a severable phase of the case, that is, the sentence and findings then before it. Certainly another convening authority could not act unless the prior affirmance by the first reviewing officer was set aside. While the board gave no consideration to the merits of the trial proceedings, did not evaluate the evidence, and made no findings of either law or fact outside the sphere discussed in its opinion, its present order effectively set aside a step essential to valid findings and sentence. I could go on, develop, and dispose of this facet of the question, but that is unnecessary because I believe the order of the board of review at least presents an apt illustration of the sort of extraordinary proceedings which is specially mentioned in the Best case.

In arguing the question of whether this appeal presents special circumstances requiring a review at this time, appellate defense counsel has proceeded on the theory that such a conclusion

only be founded on the notion that "certification . . . possesses some qualities that place such action on a higher level than on ordinary appeal," or that "the certified issues are of such magnitude that immediate consideration is necessary . . . [to decide] troublesome issues of law, which would otherwise seriously hamper the administration of military justice," and then has gone on to demolish those possibilities. While fragmentary appeals are frowned on and unimportant interlocutory orders are not to be the subject of appellate review, I doubt that this Court should deny to either party a hearing solely because the issues raised are not of great magnitude. The test must be framed from other timbers, for in a criminal case errors made by boards of review should be corrected by us if they prejudice either party, regardless of their classification as to size.

It is clear that Congress intended The Judge Advocate General to have the right to seek review here of adverse decision by boards of review, Senate Report No. 486, 81st Congress, 1st Session, on H.R. 4080, page 29, and the Court is united on the proposition that the filing of a certificate setting forth questions for review is the proper way of initiating that form of appeal. United States v Engle, 3 USCMA 41, 11 CMR 41. Were I to consider this certificate as premature, on the ground that the board's decision was not final within the meaning of that word as used in our previously decided cases, the right of review would be effectively nullified on many matters of grave importance to the Government. Absent the right to appeal by certificate, an order such as this one would be insulated from attack, for its review could not be obtained until after it had become moot, and then any decision rendered by us would be academic. An interpretation which brought about that result would be in direct conflict with the intent of Congress. Therefore, I am sure that when a decision or order of a board of review would have a final and irreparable effect on the rights of the parties, or when it would determine a right of either the Government or the accused in such a manner as to leave either no adequate remedy, except by recourse to appeal, the ruling is brought within the exception specifically mentioned in Best.

Other courts in the Federal system, in both criminal and civil trials, have treated as appealable a broader category of lower court rulings which are not final judgments in the sense that they represent a termination of the litigation. Cohen v Beneficial Industrial Loan Corp, 337 US 541, 545–547, 69 S Ct 1221, 93 L ed 1528 (1949) ; Swift & Co. v Compania Colombiana, 339 US 684, 688–689, 70 S Ct 861, 94 L ed 1206 (1950) ; United States v Cefaratti, 202 F2d 13 (CA DC Cir) (1952) ; United States v Stephenson, 223 F2d 336 (CA DC Cir) (1955) ; United States v Carroll (CA DC Cir), decided May 3, 1956. It may be true that, if the occasion presents itself, similar rulings by law officers or boards of review will be regarded by this Court as extraordinary. However, I need not determine, at this time, the full scope of this principle, for all issues which may be severable do not necessarily demand the same treatment. Nor do I express any opinion as to the merits of the certificate. It is enough to say that the decision announced by the board in this case is appealable by The Judge Advocate General, and the motion to dismiss must be denied.

It is so ordered.

FERGUSON, Judge (concurring in the result) :

I have grave doubts as to the desirability of designating this board of review action as involving "extraordinary proceedings," within the holding in United States v Best, 4 USCMA 581, 16 CMR 155. Such a holding leaves the litigants insufficiently informed as to the extent of appellate review and tends to encourage unnecessary proceedings in this court. Without specifically taking issue with the holding in Best, supra—which was concerned with a partial disposition of a case by the board of review—if a board of review action disposes of the entire case at that level, such action is appealable to this Court either by certificate or petition. Here the board of review, despite phraseology to the contrary, acted

**227**

with finality on the matter before it. If the case is returned to the same or another convening authority, he certainly is in a position to take whatever action he desires—up to and including disapproval of the entire proceedings. Under these circumstances, the board of review action could not be deemed preliminary, interlocutory, or incomplete.

I concur in the result.

QUINN, Chief Judge (concurring in the result):

I concur in the result for the reasons set forth by Judge Ferguson.