RICHARD H. HUBBARD, Captain, U. S. Air Force, Petitioner

v

ROY D. ADCOCK, Colonel, U. S. Air Force, Trial Judiciary Officer;

WILLIAM G. MOORE, Jr., Major General, U. S. Air Force, Commander, 22d Air Force, Military Airlift Command;

and

Honorable ROBERT C. SEAMANS, Jr., Secretary of the Air Force, Respondents

20 USCMA 164, 43 CMR 4

Miscellaneous Docket No. 70–66

November 24, 1970

*Richard P. Fox, Esquire, Captain Grover G. Jackson,* and *Captain David B. Harrison,* counsel for Petitioner.

Memorandum Opinion of the Court

In this "Petition for Extraordinary Relief, Stay of Proceedings, Writ of Mandamus, Writ of Prohibition, and Other Appropriate Relief," petitioner avers:

A charge of missing movement through design, in violation of Article 87, Uniform Code of Military Justice, 10 USC § 887, has been preferred against petitioner and has been referred to trial by a general court-martial appointed by respondent, Commanding General, 22d Air Force, Military Airlift Command. At a preliminary session of the general court-martial pursuant to Article 39(a), Uniform Code, supra, 10 USC § 839(a), the defense moved to dismiss the charge. In support thereof, it was contended that respondent, Secretary of the Air Force, has improperly denied proffered resignations submitted by petitioner on grounds of conscientious objection. The military judge denied the motion. Further proceedings are scheduled for December 1, 1970. Petitioner is under no restraint whatever, and has not entered a plea to the charge.

In Gale v United States, 17 USCMA 40, 37 CMR 304 (1967), this Court held that petitions under the All Writs Act, 28 USC § 1651, are extraordinary in nature and relief thereby sought may be afforded only upon a showing of extraordinary cause.

In support of his attempt to invoke this Court's extraordinary powers, petitioner relies solely on the following grounds:

"Immediate action by this court is essential in order to prevent petitioner from suffering irreparable and unnecessary harm which will result from a virtually certain federal felony conviction predicated upon an unlawful act of the Government. Petitioner seeks the protection of this honorable court and the extraordinary relief herein prayed for because he possesses no other plain, speedy, adequate, or available remedy or relief."

Nothing advanced by petitioner warrants circumvention of the normal trial and appellate procedures established by the Uniform Code. He submits a bare assertion of inconvenience. Such a claim is usually not a proper basis for resort to extraordinary judicial measures, for the law does not favor piecemeal appeals. United States v Best, 4 USCMA 581, 16 CMR 155 (1954); United States v Papciak, 7 USCMA 224, 22 CMR 14 (1956); Gale v United States, supra. See also, Priest v Koch, 19 USCMA 293, 41 CMR 293 (1970).

The petition is denied.

Judge DARDEN would dismiss the petition.