Thomas Hale WEBB, Lance Corporal, U. S. Marine Corps, Petitioner,

v.

UNITED STATES, Respondent.

Dennis T. KING, Radioman Third Class, U. S. Navy, Petitioner,

v.

UNITED STATES, Respondent.

Miscellaneous Docket Nos. 75–19, 75–20.

U. S. Court of Military Appeals.

June 5, 1975.

---

1. U. S. Constitution, amend. VI.

2. *United States v. Webb*, N.C.M. 74–1974 (N.C.M.R., May 9, 1975).

3. *United States v. Boxdale*, 22 U.S.C.M.A. 414, 47 C.M.R. 351 (1973).

---

*Major D. A. Higley*, USMC, counsel for Petitioners.

### MEMORANDUM OPINION OF THE COURT

In each of the above-entitled actions it appears that the United States Navy Court of Military Review has reversed the convictions of the petitioners.

In petitioner Webb's case, reversal was predicated on that tribunal's conclusion that the petitioner had been denied his right to compulsory process for obtaining witnesses in his favor.[1] Provision was made for a rehearing.[2]

The Court of Review determined that the record of trial in petitioner King's case was not verbatim.[3] Accordingly, it directed a return of the record to the convening authority with the provision that the latter could either order a rehearing or approve a sentence no greater than that which would be adjudged by a special court-martial, less a punitive discharge.[4]

In their petitions for extraordinary relief,[5] each contends that the Court of Mili-

---

4. *United States v. King*, N.C.M. 74–2720 (N.C.M.R., May 14, 1975).

5. *See* 28 U.S.C. § 1651(a).

tary Review improperly disposed of the cases inasmuch as in neither case did the convening authority take the action required by Article 60, Uniform Code of Military Justice, 10 U.S.C. § 860, within the time limitations established by *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974). Thus, conclude the petitioners, dismissal of all charges, rather than a rehearing, is the disposition which should have been ordered.

Dismissal of the charges does not automatically follow a showing that the time limit established by *Dunlap* has been exceeded. Rather, the Government is then required to come forward with evidence justifying the delay and warranting the conclusion that the *Dunlap* presumption has been overcome. Failure of the Government to sustain that burden will, of course, require dismissal. *Dunlap v. Convening Authority, supra.*

In the instant cases, petitioners raised before the Court of Military Review by appropriate assignment the issue of speedy review. That tribunal specifically found no undue delay in petitioner Webb's case, but it did not discuss the issue in petitioner King's case. Although neither petitioner has set out the evidence upon which the parties relied as support for their respective positions, it is clear to us that the court below considered the assignments in the light of the facts presented there. On the present state of the record we do not, and we cannot, pass judgment upon the decision made. It is, however, apparent that the convening authorities to whom the cases have been returned have not determined whether a rehearing is practicable in either case—a judgment which only they may make.[6] Moreover, no such extraordinary circumstances are shown in either case as will warrant intervention by this Court,[7]

especially in view of the nonfinal nature of the decisions reached below.[8]

Accordingly, the petitions are denied.

---

6. Article 63(a), Uniform Code of Military Justice, 10 U.S.C. § 863(a); *United States v. Robbins*, 18 U.S.C.M.A. 86, 39 C.M.R. 86 (1969).

7. *Gale v. United States*, 17 U.S.C.M.A. 40, 37 C.M.R. 304 (1967).

8. *United States v. Best*, 4 U.S.C.M.A. 581, 16 C.M.R. 155 (1954), *aff'd*, 6 U.S.C.M.A. 39, 19 C.M.R. 165 (1955).