UNITED STATES

v.

Gary J. GARRETT, Yeoman Third Class,
U. S. Coast Guard.
CGCMS 23247.

Docket No. 799.

U. S. Coast Guard Court of
Military Review.

Sentence Adjudged 4 Dec. 1975.

Decided 26 Aug. 1976.

Trial Counsel: LT Robert P. Dick,
USCGR.

Defense Counsel: LT Paul J. Prokop,
USCG.

Appellate Defense Counsel: LT Caleb L.
Nichols, USCGR.

For the United States: LT Hugh N.
Johnston, USCGR.

## OPINION OF THE COURT

ROSENWASSER, Chief Judge:

After pleas of not guilty, a military judge
found the accused guilty of breaking into
the armory at the Coast Guard Yard in
Baltimore and stealing five automatic
weapons of a value of $1168.00; of receiv-
ing and concealing a stolen electric type-
writer and electronic calculator some days
earlier; and of soliciting another Coast-
guardsman to steal, some months earlier.
The sentence adjudged 4 December 1975
included confinement at hard labor for six

months and a bad conduct discharge. Following the sentence, the accused was restrained continuously until he completed service of the confinement.

On 2 March 1976, which was the 89th day of the accused's restraint, the convening authority's action in affirmance was signed. The action was taken by an officer exercising general court-martial jurisdiction; he acted on the record in place of the person who convened the court, the latter having been disqualified. See para. 84c MCM 1969.

However, the action of 2 March 1969 was not immediately, nor at any time during the month of March, promulgated. This fact is evidenced by a supplemental advice furnished to the substituted convening authority by his staff legal officer on 2 April 1976, and by the convening authority's notation thereon. The first paragraph of the supplemental advice reads:

1. On 2 March 1976, you took action on the record of trial in *U. S. v. GARRETT*, on the basis of my advice dated 26 February 1976. In resolving the search and seizure issue present in the case, my advice relied heavily on the case *U. S. v. FLEENER*, 21 U.S.C.M.A. 197, 44 C.M.R. 228 (1972). Shortly after your action, we received a copy of the decision of U.S.C. M.A. in the case of *U. S. v. KINANE*, NCM 74–1875, February 20, 1976. *KINANE* addresses the issues raised in *FLEENER*, and to some extent modifies the holding of *FLEENER*. Accordingly, I did not transmit the record of trial to Headquarters, or officially inform the accused of your action, but determined that it was appropriate to resubmit the record to you, with a supplemental advice, and allow you to determine whether you wish to recall and modify your original action. Para. 89b, MCM (1969 Rev.).

On the fifth and last page of the supplemental review, below the signature of the legal officer, appears the direction "Promulgate original action", initialed by the convening authority and dated "4/23/76".

Appellant contends that under the speedy review rule mandated in *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R.

751 (1974), the conviction and sentence must be set aside and the charges dismissed. We agree.

*Dunlap* held that when an accused is under restraint after trial, "a presumption" will arise that he was denied a speedy disposition of the case if the convening authority "does not promulgate his formal and final action within 90 days of the date of such restraint after completion of trial". Thereafter, if the Government fails to meet the "heavy burden" of overcoming the presumption, "the conviction will fail, and the charge will be dismissed." *United States v. Brewer*, 24 U.S.C.M.A. 47, 51 C.M.R. 141, 1 M.J. 233 (1975).

■ Dismissal of the charges does not automatically follow a showing that the time limit set by *Dunlap* has been exceeded; the Government may come forward with evidence justifying the delay and tending to rebut the presumption. *Webb v. United States*, 23 U.S.C.M.A. 420, 50 C.M.R. 324, 1 M.J. 40 (1975). The Government in this case has urged that the *Dunlap* presumption did not arise; but that if it did, the evidence with which it has come forward, overcomes the presumption. The evidence consists of affidavits from the court reporter who transcribed the 463-page record, from a relief transcriber, and from the trial counsel; a chronology prepared by the staff legal officer; and copies of correspondence relating to the forwarding of the record of trial from the Fifth Coast Guard District where the trial was held, to the Second Coast Guard District where it was reviewed and acted upon.

■ We find no merit in the contention that the *Dunlap* presumption did not arise. The language of both *Dunlap* and *Brewer* makes it plain that it is not simply the *signing* of the convening authority's action which must take place within 90 days of the date of restraint, but its *promulgation*. Promulgation is effected by officially notifying the accused of the action; or by publishing the action in a court-martial order (see para. 90a MCM) or by other official means; or by forwarding the record of trial

for review by a Court of Military Review. *United States v. Shulthise,* 14 U.S.C.M.A. 31, 33 C.M.R. 243 (1963); *United States v. Hurlburt,* 51 C.M.R. 599, 1 M.J. 742 (A.F. C.M.R.1975) (reversed on other grounds); para. 89*b* MCM.

 The evidence herein establishes that the convening authority's action was not promulgated before 23 April 1976, which was the 141st day of the accused's confinement. Not only is there an absence of any evidence that the convening authority's action was promulgated, but, as noted above, the staff legal officer's supplemental advice negates any inference that the action of 2 March was promulgated.

The matters presented in support of the Government's argument that the presumption has been overcome are largely matters for which allowance was made in the establishment of the 90-day standard. The circumstance that, shortly after the convening authority's action was signed, the legal officer was confronted with a newly-issued Court of Military Appeals opinion relevant to the central legal question discussed in his review, was an extraordinary circumstance; and, in our view, it justified withholding promulgation of the signed action for a reasonable period so that the impact of the new decision could be considered. However, more than a reasonable amount of time elapsed in this case.

A period of 50 days elapsed between the date of receipt of the new decision and the convening authority's direction to promulgate his action. The Government has offered the following involvements of the staff legal officer in support of the position that the additional 50 days was a reasonable amount of time:

(1) Review of formal Board of Investigation

(2) Two nonjudicial punishment appeals

(3) Implementation of magistrate program

(4) Two Freedom of Information Act requests

(5) Two Privacy Act requests

(6) Service as military judge for a one-week period on two special court martials.

*Dunlap* and *Brewer* reflect a judicial ordering of priorities to insure that an individual does not remain in confinement while the review process stagnates. The items offered by the Government in the attempt to rebut the *Dunlap* presumption are insufficient to do so. Five of these are administrative matters not involving service members who have been deprived of their liberty. *Dunlap* does not admit of any interpretation that would put these administrative matters on a higher priority than the review of a court-martial record when the accused is in post-trial confinement. We must conclude as a matter of law, that the presumption mandated by *Dunlap* was not overcome. See and compare: *United States v. Larsen,* 23 U.S.C.M.A. 564, 50 C.M.R. 783, 1 M.J. 300 (1975); *United States v. Larsen,* 50 C.M.R. 534 (N.C.M.R. 1975 reversed); *Bouler v. United States,* 24 U.S.C.M.A. 152, 51 C.M.R. 342, 1 M.J. 299 (1976); *United States v. Hurlburt,* supra; *United States v. Montgomery,* 50 C.M.R. 860 (A.C.M.R.1975); *United States v. Marshall,* 22 U.S.C.M.A. 431, 47 C.M.R. 409 (1973).

The findings of guilty and the sentence are set aside and the charges are dismissed.

MAGUIRE and LYNCH, Judges, concurring.

Judges YOUNG and BRIDGMAN did not participate in the decision of this case.