UNITED STATES, Appellant,

v.

Christopher N. BARTON, Yeoman Third
Class, United States Coast
Guard, Appellee.

UNITED STATES, Appellant,

v.

Mark J. SIMPSON, Seaman Recruit,
United States Coast Guard,
Appellee.

Nos. 32,010, 32,011.

CGCM 9943, 9942.

U. S. Court of Military Appeals.

Oct. 30, 1978.

For Appellant—*Lieutenant Michael L.
Kudalis,* USCGR (argued); *Lieutenant G.
Alex Weller,* USCGR (on brief); *Lieutenant
Commander Thomas W. Snook,* USCG;
*Lieutenant Larry F. Wheatley,* USCG.

For Appellee—*Lieutenant Patricia L.
Shebest,* USCGR (argued); *Lieutenant Jon
W. Peterson,* USCGR.

Opinion of the Court

PER CURIAM:

On March 25, 1976, the General Counsel,
Department of Transportation, certified
two issues to this Court:[1]

Was the Court of Military Review correct
in determining that a videotape tran-
script does not, as a matter of law, consti-
tute a transcript, verbatim or otherwise,
as that term is used in the Manual for
Courts-Martial, United States, 1969 (Re-
vised edition)?

Was the Court of Military Review correct
in its conclusion that it had not been
presented with a record of trial because
that record contained a videotape tran-
script in lieu of a written transcript?

Appellants were tried by general courts-
martial and received sentences which man-
dated review before the United States
Coast Guard Court of Military Review. *See*
Article 66, Uniform Code of Military Jus-
tice, 10 U.S.C. § 866. No written tran-
scripts of the trial proceedings were prepar-
ed; instead, pursuant to Commandant No-
tice 5810, dated February 20, 1975, video-

---

1. Contrary to the assertion of the accused, we
conclude that the issues are not premature and
we proceed to answer them. *See United States*
*v. Whitney,* 23 U.S.C.M.A. 48, 48 C.M.R. 519
(1974); *United States v. Papciak,* 7 U.S.C.M.A.
224, 22 C.M.R. 14 (1956).

tapes of the trials were submitted. The Court of Military Review refused to review the proceedings and in justification of its action stated, in *United States v. Simpson*, 2 M.J. 1125, 1128–29 (C.G.C.M.R.1976):

> Implicit in the President's rules in the Manual—rules which have the force of law—is the *requirement* for a record that is written or printed.
>
> .        .        .        .        .
>
> Authorization for the substitution of videotapes in place of the transcript with which lawyers and judges have been trained to deal would bring about a profound change in the established practice. It is plain that neither the Congress nor the President has authorized such a change. Commandant Notice 5810 which purported to authorize "the use of videotape as the transcript" in Coast Guard courts-martial was issued without authority from the President. It is in derogation of the legal authority which belongs to the President and is without effect.
>
> It follows that a lawful record of trial in the case above entitled has not, as yet, been referred to this Court; and consequently, the Court is not empowered to make a determination in the case. [Footnote omitted.]

Although the term "record" is used throughout the Uniform Code of Military Justice in reference to trial proceedings, it is not specifically defined.[2] However, the President, pursuant to his power to prescribe rules of procedure under Article 36, UCMJ, 10 U.S.C. § 836, has provided some elaboration in the Manual for Courts-Martial, United States, 1969 (Revised edition). Paragraph 15*b* of the Manual, which sets forth the prerequisites for the imposition of a bad-conduct discharge by a special court-martial, requires "a complete and verbatim record of the proceedings." Similarly, paragraph 83*a* requires "a verbatim transcript of all proceedings" where a special court-martial adjudges a bad-conduct discharge. Paragraph 82*b* sets forth the requirements for "[t]he record of proceed-

ings" before a general court-martial and requires, with some exceptions, "a verbatim transcript." And, paragraph 82*e* notes that trial counsel should examine the record "[a]fter the record has been transcribed."

Initially, we note that the present cases do not involve the use of videotapes as evidence, a practice which has attained some degree of acceptability. *See* Fed.R. Civ.P. 30(b)(4); Fed.R.Crim.P. 15(d); Fed.R. Evid. 1001 (1975); and Annot. 60 A.L.R.3d 333 (1974). Rather, the issue presented here is whether a videotape may be substituted for the traditional written transcript of trial proceedings. Government counsel submit that, because the tapes in question recorded the trials in both video and audio medium, "verbatim records" were provided. We disagree.

While the various Manual provisions specify the requisite contents of a record of trial, they implicitly require that such records be in written form. This conclusion is inescapable from the interrelationship between the cited Manual provisions and paragraph 49*b*, which sets forth the duties of the court reporter and provides:

> *b. Duties. (1) General.* See Article 39. He shall record the proceedings of and testimony taken before courts-martial, courts of inquiry, or military commissions for which he is detailed or employed (Art. 28) and may do this in the *first instance* in longhand, shorthand, or by mechanical or *electronic means.* [Emphasis added.]

The quoted provision clearly recognizes the possibility of the use of an electronic medium "in the first instance" of recording trial proceedings, but other Manual provisions require the preparation of a transcript therefrom. The word "transcript" is defined in Black's Law Dictionary 1669 (4th ed. 1968), as

> That which has been transcribed; a copy of any kind; a writing made from or after an original; a copy; a copy, particularly of a record; a copy of an original

---

2.  *See* Articles 38, 54, 60–62, 65–67, 69 and 76, Uniform Code of Military Justice, 10 U.S.C.

§§ 838, 854, 860–862, 865–867, 869 and 876, respectively.

writing or deed and suggests the idea of an original writing. *Stephenson v. State*, 179 N.E. 633, 637, 205 Ind. 141; *O'Quinn v. Tate*, Tex.Civ.App., 187 S.W.2d 241, 243.

Similarly, it is defined in Webster's New Collegiate Dictionary, p. 1240 (1975 edition), as:

a: a written, printed, or typed copy . . typewritten copy of dictated or recorded material  b: an official or legal and often published copy.

Accordingly, it is apparent that the requirements relating to records of trial include the more traditional written or printed transcripts. We note that paragraph 49, Manual, *supra*, is similar to 28 U.S.C. § 753(b), which permits electronic sound recordings. However, the court, in *United States v. Jonas*, 540 F.2d 566 (7th Cir. 1976), held that audiotapes are not an adequate substitute for written transcripts.

While Congress did not specifically define "record of the proceedings," Article 38(a), UCMJ, 10 U.S.C. § 838(a), we conclude that the phrase was used in the traditional sense to mean a written transcript and the Manual is consistent with the Uniform Code. Furthermore, Article 54(c), UCMJ, 10 U.S.C. § 854(c), requires that "[a] copy of the record of the proceedings of each general and special court-martial shall be given to the accused as soon as it is authenticated." This provision clearly contemplates a written transcript, as a video tape would be totally useless to an accused unless he was also given the equipment necessary for the viewing of such a tape. Indeed, at the time of the adoption of the Uniform Code, the state of electronic technology was not developed to the point that video tapes would be considered as alternatives to written transcripts and the failure of Congress to specifically exclude video tapes cannot be interpreted as implicitly authorizing their use in lieu of written or printed transcripts. In this regard, we note that electronic recordings are unacceptable as substitutes for written transcripts in federal courts, and

the two states which experimented with the use of video tapes in lieu of written transcripts abandoned the projects because the video tapes were determined to be inadequate substitutes. Coleman, *The Impact of Video Use on Court Function: A Summary of Current Research and Practice*, pp. 13–14, Federal Judicial Center (June 1977). As congressional enactments have consistently been applied in a manner which requires written transcripts and there has been no action to modify them, we do not deem it appropriate, at this late date, to interpret them to alter radically the manner of preparing a record for use in post-trial proceedings. *See United States v. Darville*, 5 M.J. 1 (C.M.A.1978); *United States v. Occhi*, 2 M.J. 60 (C.M.A.1976); *United States v. Washington*, 1 M.J. 473 (C.M.A.1976). Accordingly, we hold that videotapes cannot be substituted for written or printed transcripts of trial proceedings, verbatim or summarized.

The certified questions are answered in the affirmative; the decisions of the United States Coast Guard Court of Military Review are affirmed; and, the records of these cases are returned to the General Counsel of the Department of Transportation for action consistent with this opinion.

FLETCHER, Chief Judge (dissenting):

Article 54(a), Uniform Code of Military Justice, 10 U.S.C. § 854(a), provides for a "record of the proceedings" as to general courts-martial. I believe a videotape record could meet this requirement. A videotape can be authenticated and "[a] copy of the record of the proceedings"[1] could be served upon the accused. It should be noted that a method to review the tapes would have to be provided to the accused.

I would note that the two accused were both tried at general courts-martial. I see no reason to comment on what is required at a special or summary courts-martial ex-

---

1. Article 54(c), Uniform Code of Military Justice, 10 U.S.C. § 854(c).

cept to take cognizance of the fact that Congress delegated to the President authority to prescribe regulations as to those records.[2]

2. Article 54(b), UCMJ, 10 U.S.C. § 854(b).