Judge RYAN,
concurring.
I join the majority opinion in full. Article 6b, Uniform. Code of Military Justice (UCMJ), grants the Courts of Criminal Appeal (CCA) jurisdiction to review certain interlocutory petitions by a victim for a writ of mandamus. 10 U.S.C. § 806b (2015). Because this is an Article 6b, UCMJ, case, and Congress limited review of Article 6b, UCMJ, petitions to the CCAs, we have no jurisdiction. EV v. United States, 76 M.J. 331, 334 (C.A.A.F. 2016).
I write separately to address the dissenters’ suggestions, Randolph v. HV and United States, 76 M.J. 27, 33-34, 34-35, 2017 WL 485883 (C.AAF. 2017) (Erdmann, C.J., and Sparks, J., dissenting), that we are nonetheless bound to apply, and thus extend, a line of cases insisting that we have interlocutory jurisdiction under Article 67, UCMJ, to this case, even though the statutory text supports no such jurisdiction. 10 U.S.C. § 867 (2012).
This Court was created by statute. 10 U.S.C. §§ 941-45 (2012). “Courts created by statute can have no jurisdiction but such as the statute confers.” Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 818, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (quoting Sheldon v. Sill, 8 How. 441, 449, 49 U.S. 441, 12 L.Ed. 1147 (1850)). And as we were recently reminded by the Supreme Court, “CAAF’s independent statutory jurisdiction is narrowly circumscribed.” Clinton v. Goldsmith, 526 U.S. 529, 535, 119 S.Ct. 1538, 143 L.Ed.2d 720 (1999).
Article 67, UCMJ, is the statutory source of this Court’s independent jurisdiction. Article 67(a), UCMJ, delineates the universe of cases we may review, and provides that this Court “shall review the record” in
■(1) all cases in which the sentence, as affirmed by a Court of Criminal Appeals, extends to death; (2) all cases reviewed by a Court of Criminal Appeals which the *32 Judge Advocate General orders sent to the Court of Appeals for the Armed Forces for review; and (3) all cases reviewed by a Court of Criminal Appeals in which, upon petition of the accused and on good cause shown, the Court of Appeals for the Armed Forces has granted a review.
Article 67(c), UCMJ, prescribes what we may do when we review a case, and provides: “In any case reviewed by it, the Court of Appeals for the Armed Forces may act only with respect to the findings and sentence as approved by the convening authority and as affirmed or set aside as incorrect in law by the Court of Criminal Appeals.” (Emphasis added.)
The language of Article 67, UCMJ, is not contradictory, redundant, vague, or ambiguous, It is plain. This Court “shall review the record” in three specific circumstances. And “in any case” we review, we may only act on the findings and sentence approved by the convening authority. In the face of a statute that is eminently clear, as a matter of first impression it seems obvious that if we review the record in a case, pursuant to Article 67(a), UCMJ, and see no findings and sentence approved by the convening authority— which are the only cases that Article 67(c), UCMJ, places within our purview—we may not act. There are no findings or sentence in this case. Yet both dissents insiBt that we must act, relying on Article 67(a), UCMJ, with nary a mention of the jurisdictional limitations in Article 67(c), UCMJ.
Appellate review of cases that are final is the norm throughout the federal system. See 28 U.S.C. § 1291. Congress, from time to time, specifically delineates and permits jurisdiction over interlocutory matters, as it did with Article 6b, UCMJ, EV, 75 M.J. at 334, and Article 62, UCMJ, 10 U.S.C. § 862 (2012) (creating jurisdiction for government appeals to the CCA from certain interlocutory orders that are claimed to be case dis-positive). See also United States v. Lopez de Victoria, 66 M.J. 67, 68 (C.A.A.F. 2008) (interpreting Article 62, UCMJ, jurisdiction to include appeals of CCA Article 62, UCMJ, decisions to this Court), This is consistent with civilian courts, which do not generally possess the ability to review interlocutory matters, but are given limited and enumerated powers of interlocutory review in narrow circumstances. See 28 U.S.C. § 1292 (2012) (authorizing appellate jurisdiction for appeals from, inter alia, interlocutory orders “granting, continuing, modifying, refusing or dissolving injunctions”); see also Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) (finding an exception to 28 U.S.C. § 1291 for a “small class” of claims “too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated”). Given the limited authority of federal courts to review interlocutory issues, it is passing strange that the dissents find in Article 67, UCMJ, a second layer of interlocutory review for what can most charitably be labeled a discovery dispute—one that was resolved in favor of the victim, pursuant to Article 6b, UCMJ.
I recognize that this Court decided long ago that Article 67, UCMJ, serves as an independent font of interlocutory jurisdiction. United States v. Boudreaux, 35 M.J. 291, 294-95 (C.M.A. 1992) (citing United States v. Papciak, 7 U.S.C.M.A. 224, 22 C.M.R. 14 (1956)); United States v. Caprio, 12 M.J. 30, 31-32 (C.M.A. 1981). No one has either asked us to reverse these cases or explained why principles of stare decisis permit us to reverse them, however erroneous I would have found them and their successors to be as a matter of first impression. See, e.g., LRM v. Kastenberg, 72 M.J. 364, 374-76 (C.AAF. 2013) (Ryan, J., dissenting); Denedo v. United States, 66 M.J. 114, 135-36 (C.A.A.F. 2008) (Ryan, J., dissenting). But the instant case comes to us by way of Article 6b, UCMJ, and therefore, we need neither revisit nor extend this line of precedent to decide this case.[1]
*33 Article 6b, UCMJ, is overtly jurisdictional, EV, 75 M.J. at 334. As such, the Article 6b, UCMJ, appeal in this case is governed by its textual delineation of jurisdiction, There is therefore zero justification to rely on (and further expand) our court-created interlocutory jurisdiction in this case as the dissenters urge us to do.

. However, I completely disagree with the suggestion that Congress' failure to correct our past cases ignoring the plain statutory language and clear limitations on our jurisdiction under Article 67, UCMJ, means anything at all. Randolph, 76 M.J. at 34-35 (2) (Sparks, J., dissenting). Congressional silence in response to judicial interpretation of a statute is not an affirmative adop *33 tion of the court's reasoning, Patterson v. McLean Credit Union, 491 U.S. 164, 175 n.1, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), superseded by statute, Civil Rights Act of 1991, Pub L. No. 102-166, 105 Stat. 1071; see Kimble v. Marvel Entm’t, LLC, — U.S. -, 135 S.Ct. 2401, 2418, 192 L.Ed.2d 463 (2015) (Alito, J., with whom Roberts, C.J., and Thomas, J„ joined, dissenting) (citing Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 187, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994)). It therefore cannot be assumed, as the dissent does, Randolph, 76 M.J. at 34-35 (Sparks, J., dissenting), that Congress, by limiting interlocutory jurisdiction under Article 6b, UCMJ, to the CCAs, in fact silently intended to provide interlocutory jurisdiction to this Court based on our past faulty interpretation of Article 67, UCMJ. EV, 75 M.J. at 334 (rejecting this construction of Article 6b, UCMJ). Congressional silence is surely no license to extend poorly reasoned precedent.