UNITED STATES

v.

Private (E–1) Daniel P. GRANCE, 575–66–1207, United States Army, Special Processing Detachment, Headquarters, United States Army Support Command, Hawaii, APO San Francisco 96557.

UNITED STATES

v.

Specialist Four Peter H. KEALOHA, 575–64–4593, United States Army, Special Processing Detachment, Headquarters, United States Army Support Command, Hawaii, APO San Francisco 96557.

CM 432007.

U. S. Army Court of Military Review.

Sentences Adjudged 2 June 1974.

Decided 29 April 1976.

847

Appellate Counsel for the Accused GRANCE: Julie Kesler-Goeltz, Esq; CPT Raymond R. Froelich, Jr., JAGC; CPT Theodore H. Watts, JAGC; MAJ Richard J. Goddard, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the Accused KEALOHA: CPT Robert H. Herring, Jr., JAGC; CPT Albert T. Berry, JAGC; MAJ Richard H. Goddard, JAGC.

Appellate Counsel for the United States: CPT Gay M. Holmes, JAGC; CPT William C. Kirk, JAGC; MAJ Steven M. Werner, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

CARNE, Senior Judge:

Appellants were tried in a common trial by a general court-martial with members upon their pleas of not guilty to all charges.

Appellant Grance was convicted of one offense of absence without leave from 6 August 1973 until 17 October 1973, one offense of behaving with disrespect toward his superior commissioned officer, one offense of striking his superior noncommis-

sioned officer and one offense of being disrespectful toward his superior noncommissioned officer, in violation of Articles 86, 89 and 91, Uniform Code of Military Justice, respectively, 10 U.S.C. §§ 886, 889, 891.

Appellant Kealoha was convicted of two offenses of absence without leave during the periods from 16 July 1973 until 6 August 1973 and from 18 August 1973 until 18 September 1973 and one offense of communicating a threat in violation of Articles 86 and 134, Uniform Code of Military Justice, respectively.

The approved sentences pertaining to each appellant are set forth above. Aside from the offenses of absence without leave which were individually committed, the other offenses of which appellants stand convicted stemmed from a joint beer drinking episode late on the evening of 11 December 1973 in the appellants' barracks which mushroomed into a noisy 25 minute confrontation between the appellants on one side and their company commander, the unit troop command NCO and several military policemen on the other. Needless to say it became necessary to subdue the appellants and remove them to the confinement facility before quiet and order were restored.

This trial extended for portions of nine separate days and was aggressively contested by counsel for the appellants with the concomitant numerous allegations of error.

The salient issue in this case concerned the refusal of the military judge to recuse himself after he was challenged for cause. In support of the challenge, the attorney for the appellants presented an affidavit of his own alleging that the military judge was biased toward the attorney and had demonstrated that bias by his rulings in an earlier trial involving a different accused. In the earlier trial, it is alleged that the military judge became irritated by the number of motions made by the civilian counsel and thereafter overruled the defense counsel's subsequent objection to the receipt of alleged hearsay testimony. A second affidavit by a JAGC major alleged

that he had overheard the military judge admit these allegations during the course of a conversation at a dinner party in a civilian restaurant (Appellate Exhibit XXX). In rebuttal, the military judge considered four affidavits including his own and those of three other individuals from the staff judge advocate's office which in essence refute or at very least fail to support the allegation of bias or improper action by the military judge in the earlier trial (Appellate Exhibits XXXI through XXXIV). Thereafter the challenge for cause was denied.

■ The military judge determines the relevancy and validity of a challenge for cause including a challenge as to his own participation. Article 41, Uniform Code of Military Justice; Paragraph 62*h*, Manual for Courts-Martial, United States, 1969 (Revised edition). In passing on a challenge, the military judge should be liberal but he need not sustain a challenge on a mere assertion since the burden of maintaining the challenge rests on the challenging party. Paragraph 62*h*, *Manual, supra.* Since the challenge was not based on any of the enumerated grounds in paragraphs 62*f*(1) through (12), *Manual, supra,* it has to be based on any other facts casting substantial doubt as to the legality, fairness, or impartiality on the proceedings as set forth in subparagraph (13).

■ We are convinced from a most careful study of the entire proceedings, that the military judge in this case demonstrated no bias or prejudice or any other hostility against either appellant or their counsel. In fact, to the contrary many of his rulings were extremely favorable to the defense and reflected a great sense of fairness, patience and appropriate judicial balance. His performance in this trial was a model of professionalism to which all judges should emulate.

■ At trial and upon appeal counsel for the appellants asserted that the provisions of 28 U.S.C. § 144[1] made applicable to military law by the United States Court of Military Appeals in several instances[2] are controlling and therefore upon the filing of the two affidavits, the military judge had no choice but to automatically disqualify himself. We disagree. As the Court stated in *United States v. Howe* :

". . . if the affidavit complies with the statutory standards, 'the judge has no alternative but to recuse himself, no matter how defamatory the charges may be and even if they are known to the Court to be false.' Conversely, 'if the statutory requirements are not satisfied, it is the duty of the judge to refuse to disqualify himself. . . . Thus, the mere filing of an affidavit of prejudice does not automatically disqualify a judge, . . . but the judge must pass upon the legal sufficiency of the facts well-pleaded.'

Thereafter, the test to be applied, accepting the affidavit at face value, is 'whether these facts would fairly convince a sane and reasonable mind that the judge does, in fact, harbor the personal bias or prejudice contemplated by the statute.'

'In addition to establishing that a prejudice or bias harbored by a judge is of such a nature that it has, or may have, closed his mind to justice, the factual allegations must also show that this bias is *personal,* as opposed to *judicial,* in na-

1. § 144. Bias or prejudice of judge.

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceedings.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith. 28 U.S.C. § 144.

2. *United States v. Hurt,* 9 U.S.C.M.A. 735, 27 C.M.R. 3 (1958); *United States v. Howe,* 17 U.S.C.M.A. 165, 37 C.M.R. 429 (1967); *United States v. Crider,* 21 U.S.C.M.A. 193, 44 C.M.R. 247 (1972).

ture. . . .' " Citing *United States v. Hanrahan*, 248 F.Supp. 471, 475 (D.C.D.C. 1965).

In this case measured by the standards set forth above there was no showing of personal bias toward either appellant or individual counsel. At most, the affidavits might be said to constitute the appearance of impersonal prejudice resulting from the judge's background and experience in other judicial proceedings, but these clearly do not rise to the level of personal prejudice requiring recusation within the purview of the statute. Furthermore, it is clear that the statutory requirements were not met since neither affidavit was filed by a party to the proceeding, and there was no accompanying certificate by counsel of good faith. Accordingly, we find that the military judge properly denied the challenge for cause against himself.

We have considered the other assigned errors in this case and find them to be without merit. The findings of guilty as to each appellant are affirmed.

■ With respect to the sentences, we agree with counsel for the appellants that aside from the offenses of absence without leave, this was essentially a "drunk and disorderly" situation that became aggravated by questionable leadership on the part of the superiors involved. Although not a legal defense to the offenses of which the appellants stand convicted, in our opinion, sentence reassessment is warranted, particularly since the appellants' culpability in this situation was essentially without differentiation.

As to appellant Grance: Reassessing the sentence on the basis of the foregoing and the entire record, the Court affirms only so much of the sentence as provides for confinement at hard labor for one year (365 days) less 54 days previous confinement or 311 days.

As to appellant Kealoha: Reassessing the sentence on the basis of the foregoing and the entire record, the Court affirms so much of the sentence as approved by the convening authority[3] which provides for reduction to the grade of Private (E–1), confinement at hard labor for 240 days, less 54 days previous confinement or 186 days and forfeiture of $215.00 pay per month for three months.

Judge MITCHELL and Judge MOUNTS concur.

---

**3.** It is noted that the staff judge advocate's recommendation in the post-trial review that the sentence adjudged be approved was not followed in the action of the convening authority since the adjudged forfeiture of $215.00 pay per month was for *6* months. This reduction of the forfeitures adjudged was to the appellant's

benefit and in no way constitutes error prejudicial to his substantial rights. It is also noted that the mathematical error in the Court's pronouncement of the confinement portion of the sentence (240 days minus 54 days or 196 days) was cured in the appellant's favor by the action of the convening authority.