UNITED STATES, Appellee,

v.

Glenn Junior LEWIS, Specialist Six, U. S. Army, Appellant.

No. 34,296.
CM 435222.

U. S. Court of Military Appeals.

Nov. 13, 1978.

Appearances: For Appellant—*Captain Larry D. Anderson* (argued); *Colonel Robert B. Clarke* (on brief); *Lieutenant Colonel John R. Thornock; Captain Harvey T. Oringher* (on brief); *Captain D. David Hostler.*

For Appellee—*Captain David P. Saxon* (argued); *Colonel Thomas H. Davis* (on brief); *Major Steven M. Werner* (on brief); *Captain Laurence M. Huffman* (on brief); *Captain Gary F. Thorne.*

Opinion of the Court

COOK, Judge:

Appellant was tried by a general court-martial before a military judge alone for six specifications of selling marijuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.[1] In accordance with his pleas, he was found guilty as charged, and sentenced to a bad-conduct discharge, confinement at hard labor for 10 months, and reduction to the lowest enlisted pay grade. The convening authority disapproved the findings as to one specification, but otherwise approved the findings and sentence. His action was affirmed by the United States Army Court of Military Review. We granted review to determine whether a defense challenge of the military judge was properly denied and whether the military judge adequately advised the appellant of his rights prior to approving his request to be tried by judge alone.

We first address the issue relating to the defense challenge of the military judge. On May 17, 1976, appellant's trial convened; appellant submitted a request to be tried by military judge alone and entered pleas of guilty to all of the specifications, but subsequently withdrew his plea to one of the specifications. After conducting a providence inquiry, the military judge rejected the appellant's pleas to the remaining specifications because appellant failed to acknowledge that his conduct was discrediting to the armed forces. Trial recessed and reconvened on May 20. Defense counsel requested the military judge to recuse him-

---

1. The maximum punishment was limited to that imposable for a violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892.

self because he had tried appellant's co-accused during the interim. The military judge noted that he was treating the request as a challenge for cause and denied the challenge, but offered the appellant an opportunity to withdraw his request to be tried by military judge alone. Defense deferred a decision on the matter until trial on the merits, which was scheduled for June 17. The trial then recessed and reconvened on that date. Upon reconvening, the appellant requested that his pleas of guilty to all of the specifications be reinstated. After conducting another providence inquiry, the military judge accepted the appellant's pleas. He further offered the following explanation for rejecting the challenge:

> All right. As to that request there is no reason for any further action, since I'd already approved a previous Request for Trial by Judge Alone. Of course I have afforded the defendant the opportunity to request trial by a jury after his initial pleas had been found to be improvident and of course also at that time the defense initiated a challenge for cause against the presiding judge on the grounds that I had sat on the case of the United States versus Cross. Now, I denied that challenge and that denial was based on my very strong feeling that I was in no way biased against Specialist Lewis by anything I had heard in the Cross trial, and that I felt that I could sit whether by judge alone or whether by presiding over a jury in Specialist Lewis's case.

Following the judge's explanation, the defense renewed its challenge of the military judge, which was denied. As appellant did not withdraw his request for trial by judge alone, the trial continued without court members. Prior to sentencing, the appellant testified that Specialist Five Cross had been the prime movant in the various sales. The Government called Cross in rebuttal, and he testified to the contrary.

In *United States v. Jarvis*, 22 U.S.C.M.A. 260, 46 C.M.R. 260 (1973), the Court held that a failure to sustain a challenge to the military judge and the failure to substitute counsel for the accused required reversal where the same judge participated in separate trials of co-accused who were represented by the same defense counsel. Furthermore, the defense tactic in the first trial was to blame the accused in the second. The Court concluded reversal was required because "the combination of circumstances in this case infringed the accused's rights." *Id.* at 262, 46 C.M.R. at 262. However, *Jarvis* specifically rejected an argument that exposure to related cases alone was a disqualifying factor for a military judge. *See United States v. Crider*, 21 U.S.C.M.A. 193, 197, 44 C.M.R. 247, 251 (1972); paragraph 62*f*(10), Manual for Courts-Martial, United States, 1969 (Revised edition). Indeed, the Court observed in *Jarvis* that "[i]nforming the accused of the conflict of interest that had arisen and having secured the appointment of other counsel to represent him would have been a more fitting remedy." *Id.* at 263, 46 C.M.R. at 263.

In *United States v. Crider, supra,* the Court also held that the members of a panel of a Court of Military Review should have disqualified themselves where they had previously held in the case of a co-accused that both the co-accused and his co-actor (Crider) had killed the alleged victims. The record further indicated that the panel had found a conspiracy between the two when no conspiracy was charged and they were confusing the evidence in the two records.

The present case involves no conflict of interests of the trial defense counsel. Furthermore, the conflicting claim of the appellant and his co-actor was presented during the appellant's trial and there was no confusion of the evidence. Additionally, the military judge disclaimed any bias against the appellant; as the Court observed in *United States v. Jarvis, supra* at 262, 46 C.M.R. at 262:

> Since the challenge by trial defense counsel in this case was for nothing more than the military judge's having presided

over Levine's trial, we would ordinarily give effect to the judge's disclaimer of bias or prejudgment and hold the assigned error to be without merit. Cf. *United States v. Montgomery*, 20 U.S.C. M.A. 35, 42 C.M.R. 227 (1970). But this is not the ordinary case.

Accordingly, the present case involves nothing more than a military judge's exposure to related cases, which does not dis-qualify him. *See United States v. Jeanbaptiste*, 5 M.J. 374 (C.M.A.1978).

The remaining issue has been resolved against the appellant in *United States v. Parkes*, 5 M.J. 489 (C.M.A.1978).

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge FLETCHER and Judge PERRY concur.