**UNITED STATES, Appellee,**

v.

**Private (E–2) Charles O. RENCH, Jr., SSN 306–76–9490, United States Army, Appellant.**

**SPCM 17327.**

U. S. Army Court of Military Review.

23 Sept. 1982.

Colonel William G. Eckhardt, JAGC, Major Patrick F. Crow, JAGC, Major Raymond

C. Ruppert, JAGC, Major James F. Nagle, JAGC, Captain Gary D. Gray, JAGC, and Captain Guy J. Ferrante, JAGC, were on the pleadings for appellant.

Colonel R.R. Boller, JAGC, Major John T. Edwards, JAGC, Captain Michael R. Smythers, JAGC, Captain Richard P. Laverdure, JAGC, and Captain Andrew D. Stewart, JAGC, were on the pleadings for appellee.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

In accordance with his pleas, the appellant was convicted of possession, transfer and sale of marihuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976). Contrary to his plea, he was also convicted of assault and battery, in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 (1976). His approved sentence provides for a bad-conduct discharge, confinement at hard labor for six months, forfeiture of $367.00 pay per month for six months, and reduction to Private E–1.

The issue in this case involves the correctness of the sentencing instructions. The appellant had testified on the merits claiming an alibi in defense to the assault. The court rejected his claim of alibi and convicted him. On sentencing the military judge instructed the court that, "[I]f you believe the accused was less than candid with you, you may also consider that as an aggravating matter." The trial counsel had not argued that the appellant's testimony on the merits was false, nor had he requested any instruction regarding the falsity of the appellant's testimony. The trial defense counsel did not object to the instruction nor did he request additional instructions.

This Court specified the following issue:

DID THE MILITARY JUDGE ERR TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY INSTRUCTING THE MEMBERS, *SUA SPONTE,* THAT IF THEY BELIEVED THAT THE APPELLANT HAD BEEN "LESS THAN CANDID" WITH THEM, THEY COULD CONSIDER IT AS "AN AGGRAVATING MATTER"?

This case was tried prior to the decisions of the Court of Military Appeals in *United States v. Warren,* 13 M.J. 278 (C.M.A.1982) and *United States v. Cabebe,* 13 M.J. 303 (C.M.A.1982), in which the Court held that it was permissible for the sentencing authority to consider an accused's false testimony on the merits in determining his rehabilitative potential. *See United States v. Grayson,* 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978). In *Warren* the Court cautioned that, in a trial with members, the military judge should instruct the members not to consider argument of counsel regarding an accused's truthfulness unless they conclude that the accused was lying, as opposed to being mistaken or confused; that they should not consider the accused's lies unless they were willful and material; and that they must not mete out additional punishment for the false testimony but must consider it only insofar as it bears upon the accused's rehabilitative potential. *United States v. Warren, supra,* 13 M.J. at 285–86.* The appellant now contends that the military judge's failure to instruct the court in the manner recommended in *Warren* was prejudicial error. We have examined the instructions in this case and find them consistent with *United States v. Grayson, supra,* as applied to military trials in *Warren* and *Cabebe.*

The holding in *Warren* was carefully limited, holding only that "[w]hen trial counsel does choose to urge in his sentence argument that an accused's alleged lying to the

---

* The principles involved in *Warren* and *Cabebe* were not new, having been set out by the United States Supreme Court in *United States v. Grayson,* 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978), upon which the decisions of the Court of Military Appeals are based and in which all the elements of the *Warren* instruction are set out, i.e., (1) a falsehood, (2) which is willful and material, and (3) which reflects on an accused's prospects for rehabilitation. *Id.* at 55, 98 S.Ct. at 2618.

court is a factor to be considered as to his rehabilitative potential, the military judge *should* appropriately instruct the court *upon request of the accused." Warren,* 13 M.J. at 285 (footnote omitted, emphasis added). The case before us differs substantially from *Warren,* because in this case the trial counsel made no mention of the appellant's false testimony in his argument on sentencing and the defense counsel requested no instructions. This case is closer to *Cabebe,* but differs even from *Cabebe* in that there was no defense objection to the instruction in this case, as there was in *Cabebe.*

■ Given the posture of the evidence on the merits, it was appropriate for the military judge in this case to *sua sponte* address the question of the appellant's truthfulness as a witness, even though the trial counsel did not mention it and the trial defense counsel requested no instructions regarding it. However, when a military judge decides to instruct *sua sponte,* he has an obligation to do so correctly. While in many cases a conviction does not necessarily mean that an accused is a liar, in this case it did, since the court members rejected the appellant's claim of alibi as false. The willful and material nature of the lie was self-evident since it concerned the identity of the assailant. Therefore, it was unnecessary for the military judge to require the court members to specifically find the obvious, i.e., that the appellant lied and that his lie was willful and material.

■ However, the question whether the military judge clearly limited the court members' consideration of appellant's false testimony to the question of rehabilitative potential requires closer examination. The military judge first instructed the members that, "Although you must give due consideration to all matters in mitigation and extenuation, as well as those in aggravation, *you must keep in mind that the accused is only to be sentenced for the offenses of which he has been found guilty today."* (Emphasis added.) Although the military judge inartfully referred to the appellant's "less than candid" testimony as an aggravating factor, his instructions as a whole adequately guided the court's consideration of the appellant's testimony.

In this case, as in *Warren,* "neither the quality of the [trial counsel's] argument nor the frequency of mention therein of the alleged lies resulted in this factor being over-emphasized to the members...." *Warren, supra,* at 286. To the contrary, the trial counsel did not mention the appellant's untruthfulness and the defense counsel requested no instructions on the subject and made no objection to the instructions given. The military judge made only passing reference to the "less than candid" testimony, and even then he included the appellant's testimony among the factors relevant to assessing appellant's potential for rehabilitation. We believe that the context of the reference to the appellant's testimony made it clear to the court members that any lack of truthfulness was to be considered along with the other factors relevant to his potential for rehabilitation. Therefore, we hold that the detailed precautionary instructions set out in *Warren* were not required in this case, and that the instructions which were given *sua sponte* were consistent with *Grayson* and not likely to cause or permit the court members to misuse the false testimony on sentencing. *See Warren, supra,* at 285 n. 9. Accordingly, we find no error.

The findings of guilty and the sentence are AFFIRMED.

Senior Judge O'DONNELL and Judge WERNER concur.