UNITED STATES, Appellee,

v.

Private First Class Jack MONTGOMERY,
SSN 409–21–6657, United States
Army, Appellant.

SPCM 17474.

U.S. Army Court of Military Review.

15 April 1983.

Released for publication 25 May 1983.

Captain Judson W. Roberts, JAGC, argued the cause for the appellant. With him on the brief were Colonel William G. Eckhardt, JAGC, and Major Lawrence F. Klar, JAGC.

Captain Richard P. Laverdure, JAGC, argued the cause for the appellee. With him on the brief were Colonel R.R. Boller, JAGC, Lieutenant Colonel John T. Edwards, JAGC, and Major Michael R. Smythers, JAGC.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

WERNER, Judge:

Contrary to his pleas, appellant was found guilty of violating a lawful general regulation by possessing a switchblade knife and wrongfully possessing about 1,000 grams of hashish, in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934 (1976), respectively. A court-martial with members sentenced him to a bad-conduct discharge, confinement at hard labor for six months, partial forfeitures for six months and reduction to Private E–1. The sentence was approved by the convening authority.

### I.

Appellant contends that the military judge, Major Newberry, erred in failing to grant his challenge for cause against the entire court-martial panel. He maintains that as four of the six sitting members had been previously chastised by Lieutenant Colonel Woodward, the military judge in another drug case, for imposing what the judge termed a "lenient sentence," their impartiality was compromised. We disagree.

Initially we note that a trial court "may not receive a challenge to more than one person at a time." Article 41(a), Uniform Code of Military Justice, 10 U.S.C. § 841(a) (1976). Therefore, we have treated appellant's objection to the court members as individual challenges. Appellant's challenges for cause are grounded in paragraph 62*f*(13), Manual for Courts-Martial, United States, 1969 (Revised edition), which provides that where it appears that an individual's participation as a court member would cast substantial doubt as to the legality, fairness and impartiality of the proceedings, the challenge should be sustained. While a trial judge should be liberal in granting such challenges, he need not do so merely because it has been asserted. The burden is on the moving party to establish why the challenged members should not sit. *United States v. Davenport,* 14 M.J. 547 (A.C.M.R.), *pet. granted,* 14 M.J. 438 (C.M.A.1982). Reversal is warranted only when there is a clear abuse of discretion. *United States v. Dean,* 5 U.S.C.M.A. 44, 17 C.M.R. 44 (1954); *United States v. Findlay,* 7 M.J. 931 (A.C.M.R.1979), *pet. denied,* 8 M.J. 242 (C.M.A.1980).

We hold that the military judge did not abuse his discretion in failing to sustain appellant's challenges. The standard for determining impartiality of court members is whether they are "mentally free to render an impartial finding and sentence based on the law and evidence." *United States v. Parker,* 6 U.S.C.M.A. 274, 284–85, 19 C.M.R. 400, 410–11 (1955). Stated another way, the question is whether the members had an "inelastic attitude" toward a certain class of offenses or persons which would not yield to the evidence and the judge's instructions on the law. *See United States v. Karnes,* 1 M.J. 92 (C.M.A.1975). We are convinced, as was the trial judge, that the members had the requisite mental freedom and attitudinal flexibility to be impartial. The thorough and lengthy *voir*

**518**

*dire* by both counsel and the military judge elicited forthright responses from the court members in which they stated they would adhere to their oath, would act independently and not be affected by Judge Woodward's comments, and would yield to the evidence and the military judge's instructions on the law. We agree with the military judge's observations concerning the impact of Judge Woodward's comments on the court members:

> It probably would lead to something exactly opposite of what was intended. Each one of them appears to be totally sincere about this. And it's unfortunate we don't have a picture of the panel, but many of them are highly decorated war veterans and are pretty crusty souls. You probably could shoot at them and the bullet would bounce off, let alone in opinions [sic].

■ We also find that the military judge gave adequate and appropriate cautionary instructions in which he, in effect, told the court members to exercise their independent judgment and not be swayed by Judge Woodward's comments. To the extent there may have been an appearance of improper influence, we hold that it was eliminated by the military judge's wise and timely action. *See United States v. Jones,* 15 M.J. 967 (A.C.M.R.1983).

## II.

■ Appellant also contends that the military judge should have *sua sponte* recused himself as there was an appearance that he could not be impartial in ruling on the challenges. He bases this contention on the fact that Judge Woodward was the trial judge's rating officer and that therefor this superior-subordinate relationship had the potential to affect the latter's judgment. We find no appearance of evil. Assuming arguendo that there was initially, we find that the trial judge dispelled it.

Recusal, as with a challenge of the trial judge for cause, is a discretionary action. "While his discretion is subject to review, the determination of the judge will be accorded great weight and will not be disturbed unless clearly erroneous." *United States v. Cockerell,* 49 C.M.R. 567, 574 (A.C. M.R.1974). Great weight is given to the judge's disclaimer of bias as he is presumed to act in accordance with the law. *See, e.g., United States v. Jarvis,* 22 U.S.C.M.A. 260, 46 C.M.R. 260 (1973); *United States v. Montgomery,* 20 U.S.C.M.A. 35, 42 C.M.R. 227 (1970). Furthermore, as we said in *United States v. Stewart,* 2 M.J. 423, 425 (A.C.M.R.1975):

> The military judge has an obligation not to withdraw from a case in which there is no basis for recusal. That obligation, moreover, is equally as important as the obligation to recuse himself where cause does exist.

(Citation omitted.)

The record here reveals a "painstaking effort by the military judge to accord the appellant a fair trial." *United States v. Paulin,* 6 M.J. 38, 41 (C.M.A.1978); *see United States v. Grance,* 2 M.J. 846 (A.C.M. R.1976). Additionally, the trial defense counsel elected not to challenge the military judge for cause. While not amounting to a waiver of the issue, it does indicate that he did not believe the judge was biased. Accordingly, we find this assignment of error without merit.

## III.

■ Finally, appellant asserts that the military judge erred when he instructed the court members they could consider "the fact that your findings seem to indicate that you believe that the accused was less than candid with you when he testified under oath." He cites *United States v. Cabebe,* 13 M.J. 303 (C.M.A.1982), and *United States v. Warren,* 13 M.J. 278 (C.M.A. 1982), as supporting authority for the proposition that the judge's instructions failed to limit the court members' consideration of appellant's lack of candor only as to his rehabilitative potential. We disagree. The salient facts in this case are the same as those in *United States v. Rench,* 14 M.J. 764 (A.C.M.R.1982), *pet. denied,* 15 M.J. 91 (C.M. A.1983): the trial counsel did not argue that appellant's lies reflected his rehabilita-

tive potential; the trial defense counsel did not object to the instruction; and appellant's testimony was implicitly branded a lie by the members' findings. Moreover, the military judge instructed the members that appellant was "only to be sentenced for the offenses that you've just found him guilty of." Lastly, as in *Rench,* we find that "[a]lthough the military judge inartfully referred to the appellant's 'less than candid' testimony as an aggravating factor, his instructions as a whole adequately guided the court's consideration of the appellant's testimony." *Id.* at 766.

The findings of guilty and the sentence are affirmed.

Senior Judge O'DONNELL and Judge FOREMAN concur.